CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUN 0 3 2008
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| DEBRA A. WOODDELL, | ) | |
| | ) | Civil Action No. 5:07CV00085 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | By: Hon. Glen E. Conrad |
| | ) | United States District Judge |
| Defendant. | ) | |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. Jurisdiction of this court is pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to meet the requirements for entitlement to benefits under the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 400 (1971).

The plaintiff, Debra A. Wooddell, was born on July 1, 1956, and eventually reached the ninth grade in school. Sometime thereafter, Mrs. Wooddell earned a general equivalency degree. Plaintiff has worked as a cashier/utility clerk, appointment clerk, receptionist, telemarketer, and finance clerk. She last worked on a regular basis in 2000. On May 24, 2004, Mrs. Wooddell filed an application for a period of disability and disability insurance benefits. An earlier application for such benefits had proven unsuccessful. In filing her current claim, plaintiff alleged that she became disabled for

all forms of substantial gainful employment in 2000, due to chronic kidney disease, chronic acid reflux, diverticulosis, hemorrhoids, irritable bowel syndrome, cystitis, colitis, polyps, carpel tunnel syndrome, residuals of gall bladder removal, residuals of knee surgery, chronic back pain, fatigue, medication side effects, depression, and stress. She now maintains that she has remained disabled to the present time. The record reveals that Mrs. Wooddell met the insured status requirements of the Act through the fourth quarter of 2004, but not thereafter. See, gen., 42 U.S.C. § 423. Consequently, plaintiff is entitled to disability insurance benefits only if she has established that she became disabled for all forms of substantial gainful employment on or before December 31, 2004. See, gen., 42 U.S.C. § 423.

Mrs. Wooddell's claim was denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated July 26, 2006, the Law Judge also found that plaintiff was not disabled prior to the termination of her insured status. The Law Judge determined that, during the period of time prior to termination of insured status, Mrs. Wooddell suffered from severe impairments on the basis of right kidney disorder and kidney stones; chronic interstitial cystitis; right knee disorder; back disorder; asthma; gastroesophageal reflux disease; and a right hand disorder. The Law Judge assessed Mrs. Wooddell's residual functional capacity as follows:

> The claimant has the residual functional capacity to perform a limited range of light and sedentary work. She can lift 20 pounds occasionally and 10 pounds frequently; sit for a total of 6 hours in an 8 hour work day; and stand or walk for a total of 6 hours in an 8 hour work day. The claimant is limited in the use of push/pull controls with the legs, and she can only occasionally climb, balance, bend, stoop, kneel, crawl, crouch or squat. The claimant has some limitation in manipulative abilities, due to decreased manual skin sensitivity, and she must avoid concentrated exposure to fumes, odors, dust, gases, poor ventilation, and workplace hazards. The claimant has a moderate limitation in the ability to concentrate, due to pain, fatigue, and discomfort.

2

(TR 33). Despite such limitations, and after considering testimony from a vocational expert, the Law Judge found that plaintiff retained sufficient functional capacity to return to her past relevant work roles as a receptionist, cashier/utility clerk, and finance clerk. Accordingly, the Law Judge ultimately concluded that plaintiff was not disabled, and that she is not entitled to a period of disability or disability insurance benefits. See, gen., 20 C.F.R. § 404.1520(f). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mrs. Davis has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 423(d)(2). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision denying entitlement to a period of disability and disability insurance benefits is supported by substantial evidence. While the court is unable to conclude that all of the Law Judge's findings are supported by the medical and vocational records, the court believes that the evidence supports the determination that plaintiff retained the residual functional capacity to

3

return to certain of her past sedentary work roles at all relevant times prior to the termination of insured status. It follows that the final decision of the Commissioner must be affirmed.

The court considers the Law Judge's opinion to be thorough and comprehensive. Stated succinctly, Mrs. Wooddell has suffered from a variety of physical and emotional problems over the last several years. Based on her persistent knee problems, including residuals of prior knee surgeries, as well as her sciatic pain, the court finds that the medical record does not support the notion that plaintiff can perform anything more than sedentary work activity. The court believes that the Law Judge erred in finding a residual functional capacity for up to light levels of exertion. It follows that the Law Judge also erred in determining that plaintiff can return to her past medium exertional level job as a cashier/utility clerk. The court finds it unnecessary to consider these issues in any great detail, however, inasmuch as the Law Judge also found that plaintiff can return to past sedentary work roles as a receptionist and finance clerk. This finding is key to the Law Judge's disposition in Mrs. Wooddell's case. Indeed, on appeal to this court, plaintiff has focused on discrepancies between the Law Judge's findings and the testimony of the vocational expert regarding plaintiff's capacity to perform past relevant work. The court will consider this issue in some detail.

In connection with her applications for benefits, Mrs. Wooddell submitted several reports to the Social Security Administration regarding her past work activities. Included is a history of "Claimant's Work Background." (TR 386). In this document, Mrs. Wooddell described her prior work for Master Fax and Copier Source as including answering phones, packaging laser cartridges for shipping, data entry, and checking in orders. She performed similar services for I.D.C. Ribbon King. At an earlier time, Mrs. Wooddell worked at Kick Ash Chimney Sweep, answering phones, scheduling appointments for chimney sweeps, and telemarketing.

4

At the time of the administrative hearing, Mrs. Wooddell summarized her past work roles as including cashier, appointment clerk, receptionist, telemarketer, and finance clerk. (TR 908). She noted that while working for the chimney sweep company, she spent time on the phone scheduling appointments and marketing the company's service. (TR 909).

Dr. Robert Lester testified at the more recent administrative hearing as a vocational expert. Based on his review of the record and his consideration of plaintiff's testimony, Dr. Lester opined that all of Mrs. Wooddell's past work roles were sedentary with the exception of the cashier/utility clerk position, which he deemed to have been medium in exertional requirements. (TR 923). He stated that all of these prior jobs were semiskilled. (TR 923). The Law Judge posed a hypothetical question which took into account all of the limitations and restrictions ultimately found by the Law Judge in his assessment of plaintiff's residual functional capacity. (TR 923-24). In response, the vocational expert identified several specific light and sedentary work roles which the plaintiff could have been expected to perform. (TR 924-25). The Law Judge continued to question the vocational expert:

> Q [ALJ]: Can the claimant do any of her past relevant work if she had those limitations?
>
> A [VE]: As I understand the work for a chimney sweep and the copying places, yes, sir.
>
> Q: If a person had the same limitations, but also had the claimant's transferable skills, in your opinion, are they [sic] any light or sedentary skilled or semiskilled jobs that could be performed?
>
> A: I think the moderate limitations in concentration, attention, and pace would preclude the semiskilled and skilled work.

(TR 925).

5

In presenting her case to this court, plaintiff emphasizes this final exchange between the Law Judge and the vocational expert, and the seeming inconsistency in the vocational expert's answers. The vocational expert clearly opined that the moderate limitation in concentration, attention, and pace, cited by the Law Judge in the hypothetical question, would preclude performance of semiskilled and skilled work. Yet, the vocational expert had already classified Mrs. Wooddell's prior work activity as a telemarketer and receptionist as semiskilled. (TR 923). Given the Law Judge's residual functional capacity findings, and the vocational expert's assessment of the skill level of plaintiff's past work roles, Mrs. Wooddell now argues that the Commissioner's final decision is not supported by substantial evidence because she had become disabled for semiskilled work activity prior to the termination of her insured status.

At one time, the rule in the United States Court of Appeals in the Fourth Circuit was that the Commissioner was not permitted to rely on a vocational expert's testimony in determining whether the claimant could return to past relevant work. See Smith v. Bowen, 837 F.2d 635, 637 (4th Cir. 1987). The ruling in Smith was sometimes interpreted to mean that the Commissioner could not ask questions to the vocational expert in a case decided on the basis of a finding that the claimant could return to past work activity. See, e.g., Nelson v. Apfel, No. 98-1234, 166 F.3d 333 (Table), 1998 WL 879588, (4th Cir. Aug. 3, 1998). However, the administrative regulations have now been amended so as to clearly indicate that input from a vocational expert can be considered in assessing a claimant's capacity to perform past relevant work. Under 20 C.F.R. § 404.1560(b)(2), it is provided as follows:

> A vocational expert or specialist may offer relevant evidence within his or her expertise or knowledge concerning the physical and mental demands of a claimant's past relevant work, either as the claimant actually performed it or as generally performed in the national economy. Such evidence may be helpful in supplementing or evaluating the accuracy of the claimant's description of his past work. In addition, a vocational expert or specialist may offer expert opinion testimony in response to a hypothetical question about whether a person with the physical and mental

limitations imposed by the claimant's medical impairment(s) can meet the demands of the claimant's previous work, either as the claimant actually performed it or as generally performed in the national economy.

The court believes that the proper disposition in this case turns on the distinction between the assessments required under steps four and five of the sequential disability analysis.[1] Under step four, the vocational expert is expected to assess the exertional requirements and skill levels of a claimant's past work roles. The vocational expert can also offer expert testimony as to whether a claimant can still perform such work, given the claimant's physical and mental limitations. Under step five, the vocational expert considers a hypothetical claimant with differing sets of impairments, limitations, skills, and work histories, as postulated by the Administrative Law Judge. In the instant case, the vocational expert was asked questions relevant to the inquiries under both steps four and five.

It does not appear to the court to be overly remarkable that the vocational expert considered the claimant to be capable of performing semiskilled work activities as were involved in certain of her past relevant work roles, but not capable of performing semiskilled work activities required in totally new jobs. This distinction underlines the reason that the administrative regulations require different and discrete inquiries at steps four and five of the sequential disability analysis. After all, it is much more likely that the claimant could return to the performance of semiskilled work activity with which she was already familiar than adjust to semiskilled work requirements in totally new

---

[1] Under 20 C.F.R. § 404.1520, a sequential analysis is established for the adjudication of claims for disability insurance benefits. Under step four, the inquiry is whether the claimant can perform past relevant work activity. If the claimant is disabled for past relevant work, the inquiry under step five requires consideration as to whether the claimant can perform other forms of work activity, given her age, education, past work experience, and residual functional capacity.

7

work situations and environments. Stated succinctly, the court finds no inconsistencies in the vocational expert's testimony.

In any case, the Administrative Law Judge, and not the vocational expert, was charged to consider whether Mrs. Wooddell could return to any of her past relevant work roles. While the Law Judge was permitted to consider the vocational expert's testimony in making this inquiry, the Law Judge was ultimately responsible for adjudicating plaintiff's entitlement to benefits. Once again, the court believes that the Law Judge conducted a thorough inquiry, and that he considered all of the medical evidence and lay testimony in assessing plaintiff's capacity for past relevant work activity. Having reviewed all of the evidence of record, the court believes that there is substantial evidence to support the Law Judge's determination that Mrs. Wooddell retained the capacity to return to her prior sedentary work roles as a receptionist and telemarketer at all relevant times prior to the termination of her insured status. Accordingly, the court must affirm the Commissioner's final decision denying entitlement to a period of disability and disability insurance benefits.

In affirming the Commissioner's final decision, the court does not suggest that Mrs. Wooddell is free of pain, discomfort, weakness, and fatigue. Indeed, the medical record confirms that plaintiff has suffered from a variety of serious physical and emotional problems which can be expected to result in severe subjective symptoms. On the other hand, the court believes that the Administrative Law Judge properly noted that many of these problems existed while plaintiff was still actively employed, and that she continued to do substantial work around her home even after she was no longer employed. It must be recognized that the inability to do work without any subjective discomfort does not of itself render a claimant totally disabled. Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996). Once again, it appears to the court that the Administrative Law Judge

8

considered all of the subjective factors reasonably supported by the medical record in adjudicating plaintiff's claim for benefits. Indeed, as previously noted, the court believes that the Law Judge was especially thorough in evaluating both the objective and subjective evidence in this case. It follows that all facets of the Commissioner's final decision are supported by substantial evidence.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. Richardson v. Perales, supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra. An appropriate judgment and order will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED this 3rd day of June 2008.

UNITED STATES DISTRICT JUDGE